MCDANIEL *v.* RAILWAY COMPANY.

(*Nashville.* February 20, 1890.)

CIRCUIT COURT. *Has no power to appoint special jury or panel, when.*

The Circuit Court has not the power to order, arbitrarily and upon its own motion, the summoning of a special jury or panel to try a particular case, and to compel the selection of a trial jury from that panel over the objection of a party, and while the entire regular panel are in attendance and free from duty and exception.

Code cited: §§ 4756–4758, 4768, 4784, 4788, 4803–4805 (M. & V.); §§ 3981–3983, 3993, 4009, 4012, 4027–4029 (T. & S.).

Case cited: Clingan *v.* Railroad, 2 Lea, 726.

---

FROM FRANKLIN.

---

Appeal in error from Circuit Court of Franklin County. M. D. SMALLMAN, J.

WILLIAMS, ALEXANDER & LEFEBER for McDaniel.

C. D. PORTER and J. H. HOLMAN for Railway Company.

CALDWELL, J. This case was before this Court at the December Term, 1883, and was remanded

for a new trial. The opinion then delivered is reported in 12 Lea, 386–389.

After being remanded, there were several mistrials on account of the failure of the jury to agree upon a verdict. At one time there was a verdict for the plaintiff for $1,000; but it was set aside, and a new trial granted on motion of the defendant. Some of the mistrials were before and some after this verdict.

At the August Term, 1888, the case was continued on the application of the defendant; and, thereupon, on "the Court's own motion," sixteen citizens were named by the. Court, and directed to be summoned to the first day of the next term, for the purpose of making "a special jury" to try this case. At the succeeding term, and before the jury was made up, the plaintiff moved the Court to discharge the special panel on two grounds: First, because the County Court had appointed a full panel of good and lawful men, who were then present, and not subject to any legal exception; second, because the Circuit Court had no authority to appoint the special panel.

This motion was overruled, and a special jury impaneled. The trial resulting in a verdict and judgment for defendant, and motion for new trial being overruled, plaintiff appealed in error.

The first assignment of error calls in question the action of the trial Judge with respect to the special jury, and denies that it was authorized by law.

Primarily the power to appoint citizens to serve on juries in the Circuit Court is conferred upon the County Court. Code (M. & V.), §§ 4756, 4757, and 4758.

If the County Court fail to nominate, or the persons nominated fail to attend, then the Circuit Court may designate other good and lawful men, and direct that they be summoned as jurors. Code, § 4768.

So, if the panel be exhausted before the jury is completed, or if, in the progress of the trial, any of the jurors become unable to serve, the Circuit Judge may order the necessary number of additional jurors to be summoned. Code, §§ 4803, 4804. The panel may be reduced by challenges for cause (Code, § 4784), and without cause (Code, § 4788). "When, by reason of challenges or any other cause it is rendered necessary, the Court may cause petit jurors to be summoned from the by-standers or the county at large, either to supply the deficiency in juries or to form one or more juries, as the occasion requires." Code, § 4806.

Again, "on motion of either party in any civil action, a special jury may be ordered and summoned if, in the opinion of the Court, it is proper, the additional cost to be taxed to the losing party." Code, § 4805.

These are the material provisions of our law relating to the question in hand. None of them, in terms or by proper construction, cover this

case or confer the power exercised by the trial Judge.

The County Court had not failed to appoint, nor had those appointed failed to attend. There was no diminution or exhaustion of the regular panel, by challenge or otherwise, before the jury could be completed; nor was any juror discharged for inability occurring during the progress of the trial. No misconduct of the regular panel, nor of any individual juror, is shown or claimed. The record fails to disclose any thing by which it was "rendered necessary" to summon additional jurors, either to supply a deficiency in the regular jury or to form another jury entire. In fact, the direction for a special panel was made at the term before the trial, when it could not be known that the panel to be nominated by the County Court would prove defective or inadequate in any particular.

Nor was the special panel ordered, or the special jury made up, "on motion of either party," as allowed by the other section of the Code. It was done on "the Court's own motion," and over the objection of the plaintiff. The trial Judge misconceived his authority, and exercised a power not conferred upon him by any law or sound practice. Had his action been based upon a motion of either party, this Court would presume that the discretion contemplated by the statute had been properly exercised, and would not reverse because the propriety of the ruling did not appear

35—4 P

affirmatively. *Clingan* v. *E. T., Va. & Ga. R. R. Co.*, 2 Lea, 726. But in the case before us it is a question of *power*, and not of *discretion*. We hold that the power did not exist.

Reverse and remand.